# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# NORTHERN DIVISION

| | | |
|---|---|---|
| CARLTON R. CARTER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:10CV00082 ERW |
| | ) | |
| STATE OF MISSOURI, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

Before the Court are plaintiff's motion for reconsideration of the dismissal of this case, as well as plaintiff's motion to "consolidate state habeas corpus with current proceedings," and plaintiff's motion for extension of time to pay the filing fee.

Plaintiff first seeks reconsideration of the Court's dismissal, arguing, again generally, that in his numerous years of incarceration, both the Missouri Board of Probation and Parole and the Missouri Department of Corrections have somehow discriminated him on the basis of his mental health disability. Plaintiff has not provided the Court with adequate grounds for reconsidering its dismissal. Simply put, the defendant named in the complaint cannot be sued under 42 U.S.C. § 1983, and plaintiff has not articulated specific allegations against either the named defendant or any other persons or entities.

Plaintiff also requests that the Court grant his motion for reconsideration by "granting of the enclosed motion to consolidate this cause" with a petition for writ of habeas corpus currently pending in Missouri State Court. To the extent that plaintiff is seeking to add additional factual support his complaint by requesting the Court take judicial notice of his grounds for habeas relief, the Court declines to do so. In order to pursue a claim under 42 U.S.C. § 1983, plaintiff must articulate clear and concise allegations against proper defendants in a proper complaint form. Moreover, to the extent plaintiff is really seeking to "consolidate" this action with a still-pending state court action, this Court lacks jurisdiction to do so. This Court does not have subject matter jurisdiction "over challenges to state court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional. Review of those decisions may be had only in [the United States Supreme Court]." District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 486 (1983).

To the extent that the Court has misconstrued plaintiff's request and rather, he is seeking to file a writ of habeas corpus action pursuant to 28 U.S.C. § 2254 in this Court, then plaintiff must file his application for writ of habeas corpus in a separate action before this Court, only after he has exhausted his state court remedies.

Lastly, plaintiff seeks an extension of time, up to and including June 1, 2011, to pay the initial partial filing fee. The Court will grant plaintiff's request for extension.

Accordingly

**IT IS HEREBY ORDERED** that plaintiff's motion for reconsideration [Doc. #16] is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's motion to consolidate [Doc. #17] is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's motion for extension of time to pay the initial partial filing fee [Doc. #19] is **GRANTED**. Plaintiff shall have up to and including June 1, 2011, to pay an initial partial filing fee of $50.76 in this action.

So Ordered this 25th day of April, 2011.

E. RICHARD WEBBER
SENIOR UNITED STATES DISTRICT JUDGE